FILED
NOV - 8 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

PHILLIP A. TALBERT
Acting United States Attorney
CHRISTOPHER S. HALES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-198 JAM |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| KIONI M. DOGAN, and ANTONIA L. BRASLEY, | |
| Defendants. | |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this matter, or to defendant KIONI M. DOGAN in this case as provided below;

WHEREAS, the sensitive but unclassified discovery materials at issue include information pertaining to various individuals, including personal identifying information such as social security numbers and/or taxpayer identification numbers, addresses, phone numbers, birthdates, and also including their tax and personal financial information;

WHEREAS, such sensitive but unclassified discovery materials shall be identified as sensitive and subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs) themselves or in an accompanying cover letter;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a

private agreement is not appropriate in light of the nature of the information at issue and the charges in this case; and

WHEREAS, the defendant, KIONI M. DOGAN, has counsel ("Defense Counsel") who wishes the opportunity to review the discovery;

Defendant KIONI M. DOGAN and plaintiff United States of America, by and through their undersigned counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. This Order pertains to all discovery provided to or made available to Defense Counsel that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known as "the protected discovery").

3. Defense Counsel shall not disclose any of the protected discovery to any person other than the defendant, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved in the representation of his client. At no time shall the defendant be permitted to review the protected discovery outside of the presence of her attorney. If the defendant is being held in custody, Defense Counsel shall not leave any of the protected discovery with said defendant at the jail or other institution where said defendant is being held.

4. The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose. The protected discovery is now and will forever remain the property of the United States Government. Defense Counsel will return the discovery to the Government or certify that it has been shredded or otherwise destroyed at the conclusion of the case.

5. Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6. If Defense Counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients with copies of this Order and advise each person, including the defendant, that the protected discovery is the property of the United States Government, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an

unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

7. In the event that the defendant obtains substitute counsel, undersigned Defense Counsel agrees to withhold the protected discovery from new counsel unless and until substituted counsel agrees to be bound by this Order.

8. Defense Counsel shall be responsible for advising his client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated: November 8, 2016                           Respectfully submitted,

                                                  PHILLIP A. TALBERT
                                                  Acting United States Attorney

                                           By:    /s/ Christopher S. Hales
                                                  CHRISTOPHER S. HALES
                                                  Assistant United States Attorney


                                           By:    /s/ Bruce Locke
                                                  BRUCE LOCKE
                                                  Counsel for Kioni M. Dogan


## ORDER

IT IS SO FOUND AND ORDERED.

DATED: November 8, 2016

DEBORAH BARNES
United States Magistrate Judge